IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GREGORY LYNN WALLACE, | Cause No. CV 20-130-BLG-SPW-TJC |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JASON KOWALSKI; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on state pro se petitioner Gregory Lynn Wallace's Petition for writ of habeas corpus under 28 U.S.C. § 2254.   For the reasons set forth below, Wallace's petition should be denied.

## I.      28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  Further, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   As explained below, Wallace's claims are not cognizable in

1

federal habeas, and his petition should be denied.

## II.     Background

This Court is familiar with Wallace from prior filings.[1]  Wallace was recently before the Montana Supreme Court on a petition for a writ of habeas corpus. *Wallace v. Guyer*, OP 20-0317, 2020 WL 3439155 (Mont. June 23, 2020). The Court explained that Wallace entered a plea of no contest in the Yellowstone County District Court to felony driving under the influence on June 4, 2012. *Id.* *1.  He was sentenced to a ten-year term as a persistent felony offender, with two years suspended. *Id.*  While under that sentence, Wallace entered a no-contest plea to felony escape in Butte-Silver Bow County District Court on October 9, 2015, in exchange for a suspended two-year sentence to the Department of Corrections. *Id.* The Yellowstone County District Court subsequently revoked Wallace's suspended sentence in 2020 and sentenced him to a two-year term. *Id.*

In his petition before the Montana Supreme Court, Wallace challenged the sentence imposed upon revocation on double jeopardy grounds, and he also argued that he was due more credit for time served. *Id.*  The Court noted that while Wallace's arguments were difficult to follow, he failed to meet his burden of

---

[1] See e.g.: *Wallace v. Att'y General*, CV-08-11-BLG; *Wallace v. Northern Cheyenne Tribe*, CV-09-115-BLG; *Wallace v. Kirkegard,* CV-15-11-H; *Wallace v. State*, CV-17-74-M; *Wallace v. USA*, CV-17-81-BLG; *In Re: Wallace*, CV-19-14-M; and, *Wallace v. Zent, et. al.*, CV-20-45-M-DLC.

establishing an irregularity in his revocation sentence or that he was due credit for time served on probation.  *Id*.  The Court pointed out "that a District Court has statutory authority to revoke a suspended sentence pursuant to § 46-18-203(7)(a)(iii), MCA, and that a sentence upon revocation does not violate double jeopardy."  *Id*., citing *State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549.  The Court denied Wallace's petition and advised him that any claims alleging ineffective assistance of counsel could be presented to the state district court in a postconviction petition.  *Id*.

### III.    Wallace's Claims

In the instant matter, Wallace again seeks to challenge the 2020 Yellowstone County revocation sentence.  (Doc. 1 at 1.)  He first alleges he was improperly charged with escape because he was on probation and not in a secure facility.  Accordingly, Wallace contends the sentence he received is illegal.  *Id*. at 5.  Next, Wallace argues further illegality of this same sentence because he was on probation and could not actually "escape."  *Id*. at 7.  Wallace asks this Court to "grant him credit for all of the street time he served on probation, for a new conviction for an old crime, and to remove the illegal sentence of felony escape."  *Id*. at 15.

### IV.    Legal Standards

As a preliminary matter, this Court is not able to provide Wallace the relief

sought. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and/or amend the state court sentence as suggested by Wallace.

Additionally, to be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). Generally, a challenge to a state court's application of state sentencing laws does not create a federal question cognizable on federal habeas. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Hubbart v. Knapp*, 379 F. 3d 773, 779-80 (9th Cir. 2004) (federal habeas corpus relief is generally unavailable for alleged error in the interpretation or application of state law); *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) (petitioner not entitled to federal habeas relief on claim that state court improperly used a prior offense to enhance state sentence); see also, *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 506 (9th Cir. 1994) (petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas). Accordingly, Wallace's claims that he should be entitled to a

4

more lenient sentence, to credit for his street time, or that he should have been charged with absconding rather than escape under state law do not warrant federal habeas relief.

The district court's 2020 revocation and imposition of a two-year custodial sentence constituted a valid sentence under state law and did not violate double jeopardy provision.  See, *Wallace v. Guyer*, OP 20-0317, at *1, citing § 46-18-203(7)(a)(iii).  Likewise, the district court had the sole discretion to either grant or deny Wallace credit for his street time.  See e.g., MCA § 46-18-203(7)(b).  While Wallace disagrees with the district court's application of state sentencing laws, he does not assert any violation of the federal constitution.  The district court's sentencing determination, in relation to both the original sentence and the sentence imposed upon revocation, was purely a matter of state law for which federal habeas relief is not available.  *Christian*, 41 F. 3d at 469.  Additionally, the Montana Supreme Court addressed the merits of Wallace's sentencing-related claims; this Court can provide no further relief.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wallace has not made a substantial showing that he was deprived of a constitutional right.  Further, because Wallace has not asserted a federal constitutional claim, reasonable jurists would find no basis to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Wallace's Petition (Doc. 1) should be DENIED.

2.  The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Wallace may object to this Findings and Recommendation within 14 days.[2]

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

      <u>Wallace must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

      DATED this 29th day of December, 2020.

                                        <u>/s/ Timothy J. Cavan</u>
                                        Timothy J. Cavan
                                        United States Magistrate Judge

---

Wallace is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.